[No. 1506.]

STATE OF NEVADA, ex rel. LYON COUNTY, Relator,
v. C. A. LaGRAVE, State Controller, Respondent.

REVENUE OFFICERS OF COUNTY—STATE'S LIABILITY FOR SALARY—MANDAMUS.
Under the provisions of Stats. 1895, p. 85, sec. 21, which provides
that "the state shall allow the several counties, for services ren-
dered, under the revenue act, by the auditor, assessor and treasurer
of each county, a sum which shall be the proportion of the state
tax to the whole tax levied by the county on the basis of the sal-
aries allowed"; *Held,* that where such officers, ex officio, perform the
duties of other county officers, not concerned in the collection of
the revenue, and receive a salary *in solido* for the office and ex officio
office or offices held by them, the state cannot be compelled to make
the county an allowance upon any part of such salaries.

CONSTITUTIONAL LAW—COUNTY MUST SUPPORT ITS OWN OFFICERS.　For the
state to pay any part of the expenses of a county government not
connected with the state's tax, or any business of the state, would
be in contravention of section 21 of article XVII of the state con-
stitution, which declares that each county shall support its own
officers, subject to such regulations as may be prescribed by law.

ORIGINAL PROCEEDING.　Application for *mandamus* by the
State, on the relation of Lyon county, against C. A. LaGrave,
as State Controller, to compel the allowance by the state of
a portion of the salaries of the county treasurer, assessor
and auditor.　Writ denied.

The facts sufficiently appear in the opinion.

*John Lothrop,* District Attorney, for Relator.

*James R. Judge,* Attorney-General, for Respondent:

I.　Relator claims that it is entitled to settle with the state
in accordance with the provisions of section 21, act of 1885,
and on the basis of the salaries provided for under this act
of the Legislature of the State of Nevada entitled " An act
consolidating certain county offices in Lyon county and regu-
lating the compensation of the county officers in the said
county," approved March 16, 1891, as amended February 18,
1893 (Stats. 1893, p. 27), wherein it is provided that " the
county clerk, as ex-officio county treasurer, shall receive an
annual salary of fifteen hundred dollars, which shall be in
full compensation for all his services both as county clerk
and ex officio county treasurer; the county recorder, as ex
officio county auditor and superintendent of public schools,
shall receive an annual salary of fifteen hundred dollars,

which shall be in full compensation for all his services both as county recorder and ex officio county auditor and ex officio superintendent of public schools; the sheriff, as ex officio county assessor, shall receive an annual salary of fifteen hundred dollars," * * * while respondent contends that the settlement should be made on the basis that the clerk, as ex officio treasurer, should be allowed a salary of $1,200 per annum for his ex officio services, the recorder, as ex officio auditor, $900 per annum, and the sheriff, as ex officio assessor, $1,500 per annum, the latter officer being allowed certain fees for his services as sheriff. The difference between the relator and the controller being $545 70, this being the amount relator claims in excess of the amount allowed by the controller in his adjustments of the accounts presented by relator. It seems amazingly strange that relator should contend that the state is indebted to it on account of salaries paid certain ex officio officers for duties performed by them in that capacity, when the statute under which it makes this claim expressly provides that it will be entitled to be reimbursed for a portion of the salaries paid to certain officers.

By the Court, BONNIFIELD, J.:

Section 21 of an act entitled "An act regulating the compensation of county officers, etc." (Stats. 1885, p. 85) provides: " The State of Nevada shall allow the several counties herein named, for services rendered, under the revenue act, by the auditor, assessor and treasurer of each county, a sum which shall be the proportion of the state tax to the whole tax levied by the county on the basis of the salaries allowed by the act (fixing the salaries) including the compensation allowed for deputies by the commissioners. These allowances shall be made at the time of the semi-annual settlement provided by law, upon vouchers furnished the couny treasurer by the board of commissioners of each county."

The Statutes of 1893, p. 27, fix the salaries of said officers in Lyon county as follows:

" SEC. 1. The county clerk, as ex officio county treasurer, shall receive an annual salary of fifteen hundred dollars, which shall be in full compensation for all his services, both

as county clerk and ex officio county treasurer. He shall make no charge for services performed for the county, but all fees authorized by law and collected by him shall be turned into the county treasury.

" SEC. 2.   The county recorder, as ex officio county auditor, and also ex officio superintendent of public schools, shall receive an annual salary of fifteen hundred dollars, which shall be in full compensation for all services, both as county recorder, ex officio county auditor and ex officio superintendent of public schools. He shall make no charge for services performed for the county, but all fees authorized by law and collected by him shall be paid into the county treasury on the first Monday in each month.

" SEC. 3.   The sheriff, as ex officio county assessor, shall receive an annual salary of fifteen hundred dollars, and shall receive for all services and duties to be performed by him as sheriff, all fees now allowed by law, which, together with his salary as ex officio county assessor, shall be in full compensation for all services and duties performed by him as both sheriff and ex officio county assessor."

The controller allowed Lyon county for the services rendered to the state under the revenue act by these several officers, a sum in the proportion of the state tax to the whole tax levied by the county on the basis of a salary for the ex officio treasurer of $1200 and for the ex officio auditor $900, instead of $1500 salary for each, and for the sheriff's salary $1500, as fixed by statute. There is no dispute between the parties as to this latter salary. The relator claims that the allowance should be made on the basis of $1500 for the salary of each of the three officers.

This proceeding was instituted by the ·relator to compel the controller by *mandamus* to make the allowance on the above basis claimed by it. Evidently the object of said section 21 of said act of 1885 was to allow each county the state's proportion of the necessary expense it might incur in collecting the state and county tax, and no more. To this end it was provided that the allowance shall be the proportion of the state tax to the whole tax levied by the county on the basis of the salaries paid these three officers by the county. Now in the case at bar the salary of county clerk,

as ex officio county treasurer, is fixed at $1500, which is declared to be in full compensation of all his services both as county clerk and ex officio treasurer. He is not to charge the county for any services he may render it, but shall pay all fees collected by him into the county treasury.

It was argued on the hearing by relator's counsel that neither the clerk nor the recorder received any salary as such officers, but a salary of $1500 each, as ex officio treasurer and ex officio auditor, respectively, and that, therefore, the controller must take these sums in connection with the ex officio assessor's salary of $1500 as a basis for his allowance to the county.

But, evidently, the salary of $1500 was intended as the salary of the clerk, as clerk, and as ex officio treasurer; for it is declared to be in full compensation for his services both as clerk and as ex officio treasurer.

The legislature provided a salary for these two offices of $1500 *in solido*. Now, if it be held that the state must pay the county on this basis, the result will be that the state will pay not only its proportion of the county's expense in collecting the state and county revenues, but a part of the county's expense connected with the clerk's office wholly disconnected from its expense concerning the revenue. The county clerk is a county officer, and as clerk he has duties to perform not in any manner connected with the revenue of either the state or county. These duties are important and his services for performing them are valuable. If the intent of the legislature was that the controller should base his semi-annual allowance to the county on this salary of the clerk as clerk and as ex officio treasurer, then it intended that the state should pay part of the expense of the county government not connected with the state's tax or any business of the state. To do this would be in contravention of section 21 of article XVII of the constitution of this state, which declares that each county shall support its own officers, subject to such regulations as may be prescribed by law. It is evident that the expense to Lyon county for all the services of the ex officio treasurer is not $1500 a year, for it only pays that sum as compensation for all services of both the clerk and ex officio treasurer, and it receives all the

fees collected by the clerk. For the services performed for which he collects fees and pays the same over to the county, he receives in part the $1500. What is said above with reference to the clerk and ex officio treasurer and the salary and fees, is applicable to the recorder and ex officio auditor and ex officio superintendent of public schools.

The legislature having failed to fix a salary for the office of ex officio treasurer, separate from the office of county clerk, and having failed to fix a salary for the office of ex officio auditor, separate from the other two offices connected therewith, but having combined the salary for the two offices in the one case and for the three offices in the other, the controller made his allowance to Lyon county on a basis that he considered to be fair and equitable between the state and county.

This allowance was not agreed to by the county, and its counsel insisted on the argument of this case that neither the controller nor this court has any authority to segregate these salaries to determine what the amount of the allowance should be. Conceding this contention, it does not follow that the allowance shall be made on the basis claimed by counsel; but rather that no allowance at all can be made. These salaries being *in solido*, as above shown, there is no basis on which an allowance can be made under the said statute of 1885. We learn from the controller's office and the records therein that some other counties were in a position similar to that of Lyon county in respect to the salaries of their officers, and similar contention arose between them and the controller, on the semi-annual settlements, but he and the proper county authorities in these instances settled the matter on what they deemed to be a just and equitable basis between the state and these counties. When such settlement is made satisfactory to all parties concerned, no one need complain. If the controller and the proper officials of Lyon county cannot agree upon a fair basis on which the allowance shall be made, we are of opinion no allowance can be had further than what has already been made.

It follows from the foregoing that the writ prayed for must be denied.

It is so ordered.

MASSEY, J.: I concur.